RAYMOND J. PARK, ESQ. (SBN 235803)
rpark@behblaw.com
EMMA SAMYAN, ESQ. (3322703)
esamyan@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
515 S. Flower Street, Suite 1020
Los Angeles, CA 90071
Telephone: (213) 412-2661
Facsimile: (213) 652-1992

Attorneys for Defendant
DMI HARBOR HILLS, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | Case No. 8:21-CV-00465-DOC-DFMx |
| Plaintiffs, | Hon. David O. Carter |
| vs. | **DEFENDANT DMI HARBOR HILLS, LLC'S ANSWER TO PLAINTIFF JAMES RUTHERFORD'S COMPLAINT; DEMAND FOR TRIAL BY JURY** |
| DMI HARBOR HILLS, LLC, a California limited liability company; and DOES 1-10, inclusive, | |
| Defendants. | Complaint Filed: March 11, 2021<br>Trial Date: None Set |

3145625

Defendant <u>DMI HARBOR HILLS, LLC</u> ("Defendant"), a California limited liability company, hereby respond to Plaintiff <u>JAMES RUTHERFORD</u>'s ("Plaintiff") Complaint:

1. Defendant states that the allegations of paragraph 1 constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matter set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

2. In response to the allegations in paragraph 3 of the Complaint, Defendant admits that it had an interest in the property located at 91450 S. Harbor Blvd., La Habra, CA 90631 ("Property") on or around February 2021.

3. In response to the allegations in paragraph 4 of the Complaint, Defendant admits that certain portions of the property and business located thereupon are open to the public.

4. In response to the allegations in paragraph 5 of the Complaint, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

5. Defendant states that the allegations of paragraph 6 of the Complaint constitute legal conclusions by Plaintiff, for which no response if required. To the extent a response is required, Defendant alleges that they are without sufficient information or belief as to the matters set forth therein, and placing their denial on that basis, deny each and every allegation set forth therein.

6. In response to the allegations in paragraph 7 of the Complaint, Defendant states that this Court should not exercise supplemental jurisdiction over Plaintiff's Unruh Act Claim. Defendant states that Plaintiff fails to satisfy California's heightened pleading standards and instead attempts to circumvent the

restrictions that California has imposed by bootstrapping the Unruh Act Claim with an ADA claim for injunctive relief in federal court.

7. Defendant states that the allegations of paragraph 8 of the Complaint constitute legal conclusions by Plaintiff, for which no response if required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

8. In response to the allegations in paragraph 9 of the Complaint, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

9. Defendant state that the allegations of paragraphs 10 through 17 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

10. Defendant states that the allegations of paragraph 18-28 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

11. Defendant states that the allegations of paragraphs 29-37 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

12. The remaining allegations in the Complaint are merely prayers for relief requiring no response from Defendant. To the extent a response by Defendant

3145625

is required, Defendant denies that Plaintiff is entitled to any remedy or relief, and denies that Plaintiff has suffered any injury or damage in this matter.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

13. Defendant is informed and believes, and on that basis alleges, that the Complaint, and each of the purported causes of action contained therein, fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Complaint is Uncertain)

14. Defendant is informed and believes, and on that basis alleges, that the Complaint, and each of the purported causes of action contained therein, is uncertain.

## THIRD AFFIRMATIVE DEFENSE
### (Mootness)

15. The Complaint and each of the purported causes of action contained therein fail as against Defendant on the grounds that the conditions as to which there could be any legal obligation to make alterations do not or no longer exist, and there, the claims are moot.

## FOURTH AFFIRMATIVE DEFENSE
### (Alterations Were Made to Ensure that the Facility Would be Readily Accessible to the Maximum Extent Feasible)

16. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant, if there were any, do not subject Defendant to liability because any "alterations" to the subject properties, including to the features alleged in the Complaint, were made to ensure that the facilities would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

///

3145625

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services via Alternative Methods)

17. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged barriers, such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing of Associated Persons)

18. Defendant is informed and believes, and on that basis alleges, that Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein because Plaintiff cannot show such person suffered injury in fact.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing for Violations Not Encountered)

19. Defendant is informed and believes, and on that basis alleges, that Plaintiff lacks standing to assert the Complaint, and each purported claim for relief alleged therein, as to any alleged disability access violations not encountered because Plaintiff cannot show injury in fact as to such violations.

## EIGHT AFFIRMATIVE DEFENSE

### (Laches)

20. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of laches.

/ / /

/ / /

/ / /

/ / /

3145625

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

21. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein is barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

22. Defendant is informed and believe, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

23. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

24. Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from bringing his Complaint against Defendant because Defendant did not have actual or constructive notice of the purported conditions causing alleged injuries, losses, damages, or violations, and thusly the risk of injury, if any, to Plaintiff was not reasonably foreseeable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

25. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendant fully performed any and all statutory, and other duties owed to Plaintiff under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Barriers)

26. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred to the extent that Plaintiff did not encounter any barrier to access or usability at the property.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness, Good Faith, and Non-Discrimination)

27. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred in whole or in part because Defendant acted reasonably, honestly, in good faith, and in a non-discriminatory manner at all times based on all relevant facts and circumstances known by it at the time it so acted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Discrimination)

28. Defendant is informed and believes, and on that basis alleges, that the claim for relief alleged in the Complaint under California Civil Code Sections 51 et seq. is barred because Defendant's conduct is applicable alike to all persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Barrier Removal)

29. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred because Defendant has fulfilled its legal obligations by making and continuing to make good faith efforts to engage in readily achievable barrier removal.

/ / /

/ / /

/ / /

/ / /

3145625

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Duty)

30. Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported claim for relief alleged therein are barred because Defendant did not owe and did not breach any legally cognizable duty to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not Authorized by Unruh Act)

31. Plaintiff is barred from obtaining relief under California Civil Code Sections 51, et seq. because nothing therein may be construed to require any construction, alternation, repair, structural or otherwise, or modification of any sort whatsoever, to any existing establishment, facility, building, improvement, or any other property.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Damage)

32. Defendant is informed and believes, and on that basis alleges, that Plaintiff is not entitled to any damages because Plaintiff has not suffered any cognizable damage or other harm as a result of Defendant's acts or omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Legal Remedy)

33. Plaintiff is not entitled to any injunctive or equitable relief because Plaintiff has adequate legal remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

34. Plaintiff is not entitled to any injunctive or equitable relief because Plaintiff has not and will not suffer irreparable harm or injury.

## RIGHT TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

35. Defendant does not presently know all the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer

3145625

8
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

should they later discover facts demonstrating the existence of additional affirmative defenses.

**WHEREFORE**, Defendant DMI HARBOR HILLS, LLC hereby prays for the following relief:

1. That Plaintiff takes nothing by reason of the Complaint and that Judgment be rendered in favor of Defendant;

2. That Defendant be awarded their attorneys' fees and the costs of suit incurred by it in this action; and

3. For such other and further relief as the Court deems just and proper.

Date: June 29, 2021                              BASSI, EDLIN, HUIE & BLUM LLP


                                                 By: */s/ Raymond J. Park*
                                                     RAYMOND J. PARK
                                                     Attorneys for Defendant
                                                     DMI HARBOR HILLS, LLC

3145625

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendant respectfully demand a jury trial of all issues triable to a jury in this action.

Date: June 29, 2021                    BASSI, EDLIN, HUIE & BLUM LLP


By: */s/ Raymond J. Park*
　　RAYMOND J. PARK
　　Attorneys for Defendant
　　DMI HARBOR HILLS, LLC

3145625